UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH PETER SHANNON,<br><br>                Plaintiff,<br><br>        v.<br><br>VICTOR BACHAND, et al.,<br><br>                Defendants. | No. 2:22-cv-1066-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed without leave to amend. Plaintiff purports to bring a claim of malicious prosecution and seeks protection from this court against the "continuation of criminal proceedings

/////

that have been intentionally caused by officer's and prosecutor's unconstitutional malicious acts." ECF No. 1 at 3.

First, plaintiff may not pursue a malicious prosecution claim at this time given that he appears to be awaiting trial. *See Womack v. County of Amador*, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008) ("If a plaintiff cannot establish [that the proceedings were pursued to a legal termination in his favor], his malicious prosecution action will fail."). Thus, plaintiff cannot state a claim upon which relief can be granted.

Second, claims challenging aspects of the proceedings and rulings in an ongoing case must be raised in those proceedings or on appeal afterwards. This court must abstain from hearing those challenges based on the *Younger* Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). *Younger* requires a district court to dismiss a federal action if the relevant state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All of these elements appear satisfied here – the criminal proceedings are ongoing, important state interests are implicated in a criminal prosecution, and there is no indication that plaintiff could not raise his claims in his criminal cases. Further, there is no allegation of extraordinary circumstances which would warrant federal intervention. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

For these reasons, this action must be dismissed without leave to amend. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

/////

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the San Joaquin County Sheriff filed concurrently herewith.
3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted and because of the *Younger* Abstention Doctrine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE